**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-10274 |
| Plaintiff-Appellee, | D.C. No.<br>2:11-cr-00453-LDG-CWH-1 |
| v. | |
| DAVID M. MARK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Argued and Submitted October 10, 2018
San Francisco, California

Before:  MURGUIA and FRIEDLAND, Circuit Judges, and HINKLE,** District Judge.

In *United States v. Mark*, 795 F.3d 1102 (9th Cir. 2015), we reversed

Appellant David M. Mark's conviction and directed the district court to dismiss the

indictment with prejudice.  Mark now appeals the district court's denial of his

motion for prevailing party attorney's fees under the Hyde Amendment, 18 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert L. Hinkle, United States District Judge for the

§ 3006A. "We review a district court's denial of a Hyde Amendment motion for abuse of discretion. An abuse of discretion is an error of law or a determination based on a clearly erroneous finding of fact." *United States v. Chapman*, 524 F.3d 1073, 1089 (9th Cir. 2008) (quoting *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1181, *amended on denial of reh'g*, 326 F.3d 1028 (9th Cir. 2003)).

The district court did not abuse its discretion in holding that Mark had not established the Government acted in bad faith. "'[B]ad faith' . . . implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; it contemplates a state of mind affirmatively operating with furtive design or ill will." *Manchester Farming*, 315 F.3d at 1185 (alteration omitted) (quoting *United States v. Gilbert*, 198 F.3d 1293, 1299 (11th Cir. 1999)). Mark had the burden of establishing bad faith, *United States v. Braunstein*, 281 F.3d 982, 994 (9th Cir. 2002), and "we will not reverse unless we have a firm conviction that the district court committed a clear error of judgment," *United States v. Lindberg*, 220 F.3d 1120, 1124 (9th Cir. 2000).

Based largely on credibility assessments of the live testimony during the attorney's fees hearing, the district court concluded that Mark had not established that Pugh acted in bad faith by indicting Mark or by testifying that Mark had

Northern District of Florida, sitting by designation.

breached his immunity agreement. The district court also concluded that Pugh did not intentionally conceal Mark's immunity agreement from either Mark or his counsel. The court held that Pugh's failure to document Mark's immunity agreement and alleged breach strongly suggested that Pugh was not diligent, and may even have been negligent, but that Pugh's errors did not reflect bad faith or intentional conduct.

The district court's factual findings were supported by the record and were not clearly erroneous. The district court also applied the correct legal definition of bad faith in this context. The district court therefore did not abuse its discretion in concluding that Mark had not established bad faith, a prerequisite to an award of attorney's fees under the Hyde Amendment.[1]

**AFFIRMED.**

---

[1] Because we conclude that the district court did not abuse its discretion in finding that Mark had not established bad faith, we need not reach the question of whether Mark qualifies as a prevailing party for purposes of the Hyde Amendment.